691 P.2d 1202

DEL MILAM & SONS, INC., an Idaho corporation, Plaintiff-Respondent,

v.

Parley Chad BAILEY and Alona Kay Bailey, husband and wife; Feed-Rite Systems, Inc., an Idaho corporation; United States of America acting through Farmers Home Administration; Gary Burnham dba Burnham Electric, Defendants,

and

Borg-Warner Leasing, division of Borg-Warner Acceptance Corp., a foreign corporation, Defendant-Appellant.

Parley Chad BAILEY, Cross Claimant-Respondent,

v.

FEED–RITE SYSTEMS, INC., an Idaho corporation, Cross-Defendant,

and

Borg-Warner Leasing, division of Borg-Warner Acceptance Corp., a foreign corporation, Cross Defendant-Appellant.

No. 15056.

Supreme Court of Idaho.

Nov. 16, 1984.

Jeffrey M. Wilson, of Matthews & Wilson, Boise, for cross defendant-appellant Borg Warner Leasing.

Mark Taylor, Rupert, for cross claimant-respondent Parley Chad Bailey.

Michael H. Felton, of Hepworth, Nungester & Felton, Buhl, for plaintiff-respondent Del Milam & Sons.

BAKES, Justice.

The lessor of farm equipment appeals from a judgment for indemnity in favor of the lessee of the equipment. The lessee was held liable for a materialman's lien which was attached to the equipment and lessee's real property by a subcontractor during the construction of the equipment.

The following facts were determined by the district court after a court trial. Defendant Bailey is a dairy farmer who was interested in mixing his own grain feed for his cattle. Bailey entered in an agreement with defendant Feed-Rite Systems, Inc., providing for a feed mill to be constructed on Bailey's property, and further providing that the feed mill would be purchased from Feed-Rite by defendant Borg Warner Leasing and leased to Bailey. The lease between Bailey and Borg Warner was dated June 8, 1981, and construction began the next day.

Plaintiff Del Milam & Sons, Inc., was a subcontractor hired by Feed-Rite to construct the cement foundations for the feed mill. Del Milam substantially completed the concrete work but was not paid by Feed-Rite, which resulted in Del Milam's recording of a materialman's lien against the equipment and Bailey's real property. Without consulting Bailey as to the progress of the construction, Borg Warner paid approximately $45,500 to Feed-Rite toward the total purchase price of $49,929.30. The construction was not completed and in October, 1981, a meeting was held between Bailey, Stan Ness, principal of Feed-Rite, and John Tousley, agent for Borg Warner. At the meeting Borg Warner directed Feed-Rite to complete the feed mill in three weeks under the threat of being replaced as the general contractor. However, the feed mill was never completed.

Plaintiff Del Milam sued to foreclose the materialman's lien on Bailey's property, also naming Feed-Rite and Borg Warner as defendants. Bailey crossclaimed against Feed-Rite and Borg Warner, alleging that they were primarily liable on the debt and should indemnify Bailey against an adverse judgment. After a court trial, the court concluded that the materialman's lien was validly attached to both the partially completed feed mill owned by Borg Warner and Bailey's real property on which the mill was being constructed. Accordingly, the lien was foreclosed and judgment was entered in favor of Del Milam against Bailey, Feed-Rite and Borg Warner for $4,375.85 in materials and labor, and also for $5,645.22 in interest, costs and attorney fees pursuant to I.C. § 45–513. The court also concluded that Borg Warner was in control of the construction and caused the lien to be placed on the property. Further, the court held that the lease agreement exempted Bailey from liability for liens caused by Borg Warner. Therefore, the district court held that Bailey was merely secondarily liable and granted judgment in favor of Bailey on the crossclaim for indemnity against Feed-Rite and Borg Warner. The court also ruled that the defense of the crossclaim by Borg Warner was

without foundation, entitling Bailey to attorney fees and costs in the amount of $4,048.61. The court ordered plaintiff Del Milam to exhaust execution against Borg Warner before attempting to satisfy the judgment against Bailey.

Borg Warner is the only party to appeal the judgment of the trial court. The appeal names both Del Milam and Bailey as respondents; however, the assignments of error specifically admit the validity of Del Milam's lien. Borg Warner appeals only that: (1) the judgment on Bailey's crossclaim was in error, arguing that the lease agreement makes Bailey primarily responsible for the lien; and (2) the award of attorney fees to Bailey was error.

■ The lease agreement states:

"The lessee shall keep each unit of equipment free from all liens, charges, and encumbrances including but not limited to any lien of the owner of the real estate upon which a unit of equipment is installed and of any purchase of or future creditor obtaining a lien on said real estate. Lessee shall not be responsible for any liens, charges, or encumbrances on the equipment caused by the lessor."

The trial court, acting as the factfinder, interpreted this ambiguous clause to mean that "[a]s between Borg Warner and Bailey, ... Borg Warner is primarily liable for the [judgment on the lien]." This interpretation is supported by substantial and competent evidence including: (1) the last sentence of the clause which implies that Borg Warner will be responsible for liens that it causes; (2) Bailey's testimony that he understood the clause to mean that liens arising out of construction would be Borg Warner's responsibility; (3) the October, 1981, meeting which infers that Borg Warner was in control of the construction project; and (4) the failure of Borg Warner to properly control transfer of payments in relation to the progress and acceptability of the construction and discharge of subcontractors. Based on the trial court's contractual interpretation we affirm the judgment for indemnity against Borg Warner.

■ The court awarded the attorney fees to Bailey on the alternative statutory bases of I.C. §§ 12–120(2) and 12–121. The court made adequate findings of fact required by I.R.C.P. 54(e) which are supported by substantial evidence as follows:

"Borg Warner's defense of Bailey's crossclaim was a general denial, putting all points in issue. In Borg Warner's answers to interrogatories, dated October 23, 1982, four (4) persons were identified as witnesses expected to be called at trial. Defendant Bailey was placed in a position of being required to vigorously defend its interest in the real property, subject to a lien foreclosure action, against Borg Warner, an apparently leading national corporation. Yet in the trial of the matter, Borg Warner offered no defense, called no witnesses, presented no supported legal argument in favor of its position, and it did not vigorously cross examine any of the witnesses called by other parties in an attempt to support its defense. In short, Borg Warner defended with no defense. The court therefore finds that Borg Warner defended unreasonably and without foundation against Bailey's crossclaim."

We affirm the trial court's award of attorney fees based on I.C. § 12–121 and I.R.C.P. 54(e).

■ On appeal, both respondents Del Milam and Bailey have requested attorney fees. Having been named in the appeal by Borg Warner, Del Milam was caused to defend on appeal without Borg Warner assigning any error relevant to Del Milam's materialman's lien or judgment. Borg Warner's appeal against respondent Bailey is nothing more than the argument it made at trial, which the trial court found to be unreasonable and without foundation. We also conclude that this appeal was pursued without foundation. Costs and attorney fees on appeal are awarded to both respondents.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.